**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

|  |  |
|---|---|
| MICHELE BUKOWIECKI, | |
| Plaintiff, | **Civil Action No. 18-16464 (SRC)** |
| v. | **OPINION** |
| DOLLAR GENERAL STORE, ABC CORP. #1-10 AND JOHN DOES #1-10 (representing presently unknown businesses, partnerships, and/or corporations who own, operate, supervise, control and/or maintain the premises in question) | |
| Defendant. | |

**CHESLER**, District Judge

    This matter comes before the Court upon the filing by Plaintiff, Michele Bukowiecki ("Plaintiff"), on a motion for remand to the Superior Court of New Jersey, Middlesex County, for failure to timely remove this matter within the time proscribed by 28 U.S.C. § 1446(b). Defendant, Dolgencorp LLC ("Dolgencorp") opposes this motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will grant Plaintiff's motion to remand this action.

    **I.    BACKGROUND**

    On July 16, 2018, Plaintiff filed this personal injury action in the Superior Court of New Jersey, Law Division, Middlesex County. The Complaint alleges a state law premises liability action and that Plaintiff suffered severe injuries resulting from a slip and fall at a Dollar General Store on February 12, 2018. The Complaint identified Dollar General Store in the caption and

1

Dollar General Store Corporation in the body of the Complaint. The Complaint further alleged that Plaintiff:

> was caused to slip and fall on a slippery floor and suffer severe injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses; was caused to lose time from her employment and will, in the future be caused to lost time from her employment; and was caused to suffer permanent injuries.

ECF No. 1, Ex. A (Compl.) ¶ 3. The Complaint does not specify the amount of damages and contains no limitation on the damages sought. Dolgencorp was served with the Summons and Complaint on or about July 26, 2018.

On August 3, 2018, Plaintiff filed an Amended Complaint, which was amended to name Dollar Store General Corporation in the caption of the Complaint, and which was served on Dolgencorp on or about August 13, 2018. The Amended Complaint otherwise set forth identical claims and causes of action as the original Complaint, and was silent as to damages.

On October 31, 2018, counsel for Dolgencorp sought a settlement demand from Plaintiff's counsel. At that time, Plaintiff's counsel advised Dolgencorp that a demand could not be made, as Plaintiff was still in treatment for her fractured ankle that required open reduction and internal fixation surgery. On November 27, 2018, Dolgencorp removed the suit to this Court pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff argues that Dolgencorp did not file the notice of removal until more than four months after it was properly served. Thus, Plaintiff challenges the timeliness of the removal, and argues remand is necessary as Defendant did not remove within thirty days of service in compliance with 28 U.S.C. § 1446. In opposition, Dolgencorp contends that removal was timely because it could not ascertain that the amount in controversy exceeded the jurisdictional

requirement from the face of the Complaint. Instead, Dolgencorp states that it did not become aware that the amount in controversy exceeded the jurisdictional requirement until October 31, 2018, when the injury "was more fully described" by Plaintiff's counsel. ECF No. 4 at 1. For the reasons set forth below, the Court disagrees that Defendant's removal was timely.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), any civil action over which "the district courts of the United States have original jurisdiction" may be removed from state court to federal court. In other words, section 1441 authorizes removal "so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). A litigant removing an action pursuant to 28 U.S.C. § 1441 bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Samuel-Bassett, 357 F.3d at 396 (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). Accordingly, the Third Circuit directs that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (holding that where a case is removed to federal court, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand).

The relevant subsections of the jurisdictional statute provide that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28

3

U.S.C. § 1332(a). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

> The statute governing removal to the federal district court requires that:
>
> The notice or removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (b). The United States Supreme Court has interpreted this thirty-day removal period to be triggered by "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). The Court determined this interpretation was necessary to afford a defendant sufficient time to decide whether to remove the matter to federal court. Id. at 354-55.

The parties do not dispute that there is complete diversity. Nor do they challenge that the amount-in-controversy requirement has been met. Instead, the parties essentially dispute whether the amount-in-controversy requirement could have been discerned from the face of the Complaint, which determines whether removal of the action was timely pursuant to 28 U.S.C. § 1446(b). Here, Plaintiff argues that Dolgencorp was properly served with the summons and Complaint on July 26, 2018, and served with an Amended Complaint on August 13, 2018. Thus, Plaintiff contends that Dolgencorp's notice of removal, filed almost four months later on November 27, 2018, was untimely. Dolgencorp, meanwhile, asserts it was unable to determine whether Plaintiff's injuries met the jurisdictional threshold for removal from the face of the

4

Complaint; and that it remained unable to do so until being notified of Plaintiff's continuing treatment on October 31, 2018.

The thirty-day period begins to run once a defendant can "reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum." Carroll v. United Airlines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

> The burden of proof is on the party attempting removal "to assess and ascertain the amount in controversy within the 30-day time limit for removal provided in Section 1446(b)." **A pleading need not "allege a specific dollar amount to give notice to the defendant of the existence of Federal jurisdiction."**

Bracken v. Dolgencorp, LLC, No. 18-4703, 2018 U.S. Dist. LEXIS 202099, at *7 (E.D. Pa. Nov. 29, 2018) (citations omitted) (emphasis added). Of particular relevance, as in the case here, **"[i]n the context of a personal injury suit between diverse parties . . . 'courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional threshold] is at issue' and trigger the running of the thirty-day removal period**." Carroll, 7 F. Supp. 2d at 521 (citations omitted) (emphasis added).

Review of Third Circuit and New Jersey case law reveals that Dolgencorp's argument, that Plaintiff's Complaint failed to provide sufficient information to determine whether the amount-in-controversy requirement was met, is largely based on precedent outside this Circuit and unavailing. "The Third Circuit has provided a 'roadmap' for evaluating whether a case removed from state court should be remanded because the amount in controversy does not exceed $75,000." Dugan v. ACME Mkts., Inc., No. 15-5267 (RBK-KMW), 2016 U.S. Dist. LEXIS 6838, at *5 (D.N.J. Jan. 20, 2016) (citing Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir. 2007)).

> First, if the parties dispute jurisdictional facts, the party carrying the burden of proof must establish federal jurisdiction by a preponderance of the evidence. Id. at 194 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 56 S. Ct.

> 780, 80 L. Ed. 1135 (1936)). Even if jurisdictional facts are not expressly in dispute, a "court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." McNutt, 298 U.S. at 189.
>
> Second, if jurisdictional facts are not in dispute, or the court is satisfied with the sufficiency of the jurisdictional proof, the analysis turns to whether the jurisdictional amount is met with "legal certainty." Frederico, 507 F.3d at 196. The legal certainty test has two alternative strands. Id. If the complaint "specifically avers that the amount sought is less than the jurisdictional minimum," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff can recover the jurisdictional amount." Id. at 196-97 (relying on Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006)). A plaintiff is entitled to this deferential standard only if the complaint "specifically (and not impliedly) and precisely (and not inferentially) states that the amount sought" shall not exceed the jurisdictional minimum. Id. at 196. Alternatively, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." Id. at 197 (emphasis in original) (relying on Samuel—Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004)).

Dugan, 2016 U.S. Dist. LEXIS 6838, at *5-6.

"This Court has on many occasions held that personal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000." Id. at *7 (citing Briggs v. Target Corp., No. 14-7165, 2015 U.S. Dist. LEXIS 30796, at *4 (D.N.J. Mar. 13, 2015); Clark v. J.C. Penney Corp., Inc., No. 08-4083 (PGS), 2009 U.S. Dist. LEXIS 129380, at *3-4 (D.N.J. Apr. 14, 2009); Fields v. Zubkov, No. 08-2016, 2008 U.S. Dist. LEXIS 124999, at *4 (D.N.J. Sept. 26, 2008)). See also Scott v. Dollar Tree Stores, Inc., No. 17-9168 (JLL), 2017 U.S. Dist. LEXIS 207242, at *8-10 (D.N.J. Dec. 18, 2017) (denying a motion to remand, because (1) Plaintiff sought to recover damages for severe, painful, and permanent injuries, (2) refused to stipulate to limit her damages to $75,000, (3) Plaintiff's settlement demand of $65,000 "[was] not the proper amount for the Court to consider when determining the amount in controversy for jurisdictional purposes," and (4)

Plaintiff's argument that Defendant could "not rely upon her 'general' allegations of injuries to demonstrate that the jurisdictional limit ha[d] been met [wa]s without merit."); Avant v. J.C. Penney, No. 07-1997, 2007 U.S. Dist. LEXIS 44320, at *2 (D.N.J. June 19, 2007) (stating that "this Court generally will not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000.").

Similarly, here, Plaintiff's Complaint and Amended Complaint did not specify the amount of damages sought; nor did Plaintiff provide any waiver capping her damages at $75,000. The Complaint and Amended Complaint did specify, however, that she allegedly suffered severe and permanent injuries, incurred medical expenses, and suffered loss of wages and time from work. Although Plaintiff did not provide any specifics as to her injuries, even general allegations such as those set forth in this case "prevent the Court from concluding to a legal certainty that her injuries do not amount to $75,000." Dugan, 2016 U.S. Dist. LEXIS 6838, at *8; see also Clark, 2009 U.S. Dist. LEXIS 129380, at *12 (finding that "as it does not appear to a legal certainty that Plaintiff cannot recover the jurisdictional amount, the case need not be remanded."); Fields, 2008 U.S. Dist. LEXIS 124999, at *4 (stating that "to remand the case, plaintiff has the onerous task of proving to a legal certainty that the amount in controversy could not exceed $75,000. Thus, most removed personal injury cases will likely remain in federal court even if they involve a very minor injury—unless the plaintiff limits her damages below the jurisdictional limit.").

Based on Plaintiff's allegations, it would be an extraordinary case where the Court could find, as a matter of law, that damages in excess of $75,000 could not be recovered. Indeed, general allegations akin to those plead in Plaintiff's Complaint here, have, in fact, been found sufficient to trigger the thirty-day removal period. See, e.g., Carroll, 7 F. Supp. 2d at 521;

Weiderspahn v. Wing Enters., No. 09-2441 (JEI /AMD), 2009 U.S. Dist. LEXIS 58869, at *12 (D.N.J. July 10, 2009) (finding Plaintiff's allegations that he suffered "severe personal injuries to his body of both a temporary and permanent nature [and] as a result of these injuries he has suffered and will continue to suffer in the future, great pain physical disability and mental anguish...and will continue to be in the future unable to attend to his normal duties and occupations" sufficient to trigger the thirty-day period for removal, thus rendering the defendant's notice of removal untimely). Therefore, upon being served with Plaintiff's Summons and Complaint, Defendants were indeed on notice that the amount-in-controversy exceeded the jurisdictional minimum, triggering the thirty-day removal period. As such, the Court finds Dolgencorp's November 27, 2018 notice of removal to be untimely and therefore defective. Pursuant to 28 U.S.C. § 1447(c), this case must be remanded to state court.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to remand. An appropriate Order will be filed.

                                                      s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                              United States District Judge

Dated: February 5, 2019